IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STONE TECHNOLOGY, INC., d/b/a STONE ELECTRONIC and JAMES STONE,<br><br>           Plaintiffs,<br><br>vs.<br><br>TRAVELERS CASUALTY INSURANCE COMANY, etc., et al.,<br><br>           Defendants. | CIVIL ACTION NO. 3:11CV698-WHA<br><br>(wo) |

## MEMORANDUM OPINION

### I. BACKGROUND

This cause is before the court on a Motion to Remand, filed by the Plaintiffs (Doc. #8).

The Plaintiffs originally filed a Complaint in this case in the Circuit Court of Russell County, Alabama. The Plaintiffs name as Defendants Travelers Casualty Insurance Company of America, USAA Insurance Agency, Inc. ("USAA"), and Misty Dawn Harrison ("Harrison"). There is no dispute that Harrison and the Plaintiffs are citizens of Alabama, while the other Defendants are citizens of other states. There are not separate counts in the Complaint. The factual allegations state that Harrison caused a fire to destroy property owned by the Plaintiffs, that USAA negligently failed to procure insurance for the destroyed property, and that USAA and Travelers refused to pay the claim. The Complaint demands judgment against all Defendants in an amount to be set by the jury. *See* Doc. 1-1.

USAA removed the case to federal court on the basis of diversity jurisdiction, stating that Harrison has been fraudulently joined so that her citizenship should be discounted, and that the requisite amount in controversy is present.

For reasons to be discussed, the Motion to Remand is due to be GRANTED.

## II.  REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied,* 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

## III.  DISCUSSION

The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined in assessing the existence of complete diversity:  either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant.  *See Triggs v. John Crump Toyota,* 154 F.3d 1284, 1287 (11th Cir. 1998).

The burden of proving fraudulent joinder rests with the Defendants as the removing parties.  *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).  "If there is any possibility that the state law might impose liability on a resident defendant under the

circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Florence v. Crescent Resources, LLC,* 484 F.3d 1293, 1299 (11th Cir. 2007).

The Plaintiffs contend that the language of the Complaint requests damages from all Defendants and identifies Defendant Harrison's wrongdoing, so that the Defendants have not shown that Defendant Harrison is fraudulently joined. The court agrees. *See Pakzad v. Mark Hopkins Intercont'l San Francisco*, No. C-03-2863 MHP, 2003 WL 22144400, at *1,3 (N.D. Cal. Sept. 2, 2003) (stating in a complaint in which the plaintiff lumped the defendants together that "this is not fraudulent joinder but sloppy pleading."); *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1277 (M.D. Ala. 2001) (stating "misjoinder must be egregious in order for there to be fraudulent joinder.").

Accordingly, the Motion to Remand is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 1st day of November, 2011.

      /s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE